NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONG GAO; et al., | No. 18-72500 |
| Petitioners, | Agency Nos. A206-545-551 |
| v. | A206-545-552 |
| | A206-545-553 |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 23, 2026**
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and SCARSI,*** District Judge.

Petitioner Hong Gao, along with her husband, Hailong Xiang, and her minor

child, Y.X., as derivative applicants, petitions for review of a decision of the Board

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Mark C. Scarsi, United States District Judge for the Central District of California, sitting by designation.

of Immigration Appeals ("BIA") dismissing her appeal of the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020)). Adverse credibility determinations are factual findings, so we review them for substantial evidence. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). Under the substantial evidence standard, "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (quoting *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020)).

1. Substantial evidence supports the agency's adverse credibility determination. Taking into account the "totality of the circumstances[] and all relevant factors," *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), the agency identified several reasons, each supported by evidence in the record, for finding Petitioner not credible. Specifically, the agency identified inconsistencies in Petitioner's description of her employment at the fishery and at Tianen

2

International, Petitioner's account of the insertion and removal of intrauterine devices, and Petitioner's statements about her forced abortion. Petitioner also admitted to submitting false information about her education history in her visa application. Although Petitioner argues that the inconsistencies are trivial, the agency was not required to credit Petitioner's proffered explanations or disregard the inconsistencies. *See Li v. Garland*, 13 F.4th 954, 960-61 (9th Cir. 2021). Together, the agency's "specific and cogent reasons supporting [its] adverse credibility determination" satisfy the substantial evidence standard. *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010).

Petitioner does not argue that the agency erred in concluding that she lacked sufficient corroborating evidence, independent of her testimony, to support her claims of past persecution, so any such argument is forfeited. *Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) ("[B]y failing to develop the argument in his opening brief, [petitioner] forfeited it."); *see also Kalulu v. Bondi*, 128 F.4th 1009, 1023 (9th Cir. 2024) (as amended).

2. Petitioner argues that the agency erred in its evaluation of her risk of future persecution because it failed to consider country conditions evidence. But the country conditions evidence Petitioner relies upon does not support the notion that Petitioner would be persecuted for having had a second child if she were

3

returned to China.[1] Rather, that evidence explains that China eliminated its one-child policy and has changed to a two-child policy.[2] Petitioner points to no other record evidence suggesting that she has a well-founded fear of persecution or of torture if returned to China. Because the record does not compel the finding that Petitioner's fear of future persecution is objectively reasonable, we conclude that substantial evidence supports the agency's denial of her applications for asylum and withholding of removal.

3. Petitioner's challenge to the denial of CAT relief is forfeited because she did not challenge the agency's determination that she did not establish eligibility for such relief in her opening brief. *See Singh v. Bondi*, 161 F.4th 560, 565 n.1 (9th Cir. 2025).

Petition **DENIED**.[3]

---

[1] Petitioner hints in her brief to our court that perhaps she would face persecution if she tried to have a third child, but the cursory mention of this possibility was not enough to raise this as a separate basis for granting the petition, particularly given that she does not expressly say she hopes to have another child. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

[2] Petitioner faults the agency for not considering the 2016 Country Conditions and Human Rights Practices Report on China ("Country Report"). But Petitioner does not appear to have submitted that report to the agency and instead included only a quoted excerpt from it in her brief to the BIA. Our review is confined to the administrative record before the agency. *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

[3] The temporary administrative stay of removal is lifted and the motion to stay removal, Dkt. No. 1, is denied.